UNITED PRODUCTS CORPORATION OF AMERICA, Appellant, *v.* THE STANDARD TEXTILE PRODUCTS COMPANY, Respondent.

First Department, November 2, 1928.

*Frederick A. Blount* of counsel [*Seward Davis,* attorney], for the appellant.

*William C. Kronmeyer* of counsel [*Pennie, Davis, Marvin & Edmonds,* attorneys], for the respondent.

McAvoy, J. A motion for summary judgment was denied in this cause with leave to renew. The renewed motion made under both rules 112 and 113 of the Rules of Civil Practice, one for judgment on the pleadings and the other for summary judgment, also was denied. Appeal lies from both orders. The action is brought to recover a specific sum of money on an express contract by which plaintiff granted an exclusive license to defendant under a patent to deal with an invention therein for certain purposes, and in consideration thereof the defendant agreed to pay to the plaintiff a minimum annual royalty of $12,000 in equal installments every month. Defendant paid to plaintiff sixteen of the installments, and the remaining monthly installments are the subject of this action, these having accrued before the termination of the contract by defendant. The contract was made on September 26, 1925, and for thirteen months the monthly installments were paid regularly. On October 26, 1926, defendant gave notice under paragraph 10 of the contract that it would terminate the same at the expiration of twelve months from said date, the termination becoming operative on October 26, 1927. After the giving of notice the defendant continued to pay the monthly royalties up to January 1, 1927, then it discontinued payments and has not paid any of the installments since accruing down to October 26, 1927, when the contract terminated under the notice. The total sum due by defendant to plaintiff under these accrued unpaid royalties amounts to $8,831.71. There was no dispute about the amount. It is a liquidated sum, and is due under an express contract. Therefore, unless there is some material denial or a substantial defense, summary judgment ought to have been granted. There are no denials of any material part of the complaint, the making of the contract, the sixteen monthly payments and the giving of notice by defendant of the termination of the contract on October 26, 1927, all are admitted.

The answer has three defenses and a counterclaim to which there was a reply.

The first motion for summary judgment was denied because it was not made under rule 112, and the court held that the question of the sufficiency of the defenses could not be determined therein since the motion was made there under rule 113. Upon the renewed motion both rules 112 and 113 were invoked. The court thought that the third defense and the counterclaim contained in the answer raised issues which could not be flung off on a summary order.

The license granted to the licensee an exclusive right and privilege to make, use and sell during the life of the agreement throughout the United States and its dependencies improvements in a

certain composition which were patented under a certain patent number. The said right, license and privilege is limited to the coating, impregnating, treating or covering of fabrics made from yarns or threads by weaving or knitting and felting. It does not include the coating, treating or covering of floor coverings or machinery or power transmission belting or sand, emery or abrasive cloth. It gives the right to grant sublicenses to others, the said sublicenses are to be in writing and were to embody certain terms. There is nothing in the contract that is unequivocal or unusual to a patent grant and a defined exclusive license is granted under a patent for practicing a certain invention for certain purposes. Plaintiff barred itself during the term of the contract, from carrying on the process described and barred itself from granting licenses to others to practice this invention. During the period of two years of the existence of the contract, defendant had the full benefit thereof and never renounced or stood from under the license although this alleged mistake was known to the defendant on October 26, 1926, when it gave the notice of termination. The letters show that defendant had no intention of renouncing its contract during its running or to relinquish its license and it recognized its liability for the payment of the annual minimum royalty until the termination of the contract a year later. It says in the letter: " In the meantime, however, we are obliged, under the terms of the agreement, to pay $12,000 as the minimum annual license fee, for which up to the present we have been unable to procure any returns."

Certainly the formal denials in the answer raise no issues. The three alleged defenses are based on the theory that plaintiff granted to defendant a license to use a formula for a composition for the coating, impregnating, treating or covering of fabrics made from yarns or threads by weaving or knitting or felting without the aid of vulcanization.

The contract discloses that the theory of defendant in these defenses is not based on anything in the granting clause. In the contract there is no mention of a formula or that the composition is to be used without the aid of vulcanization. Each of the three defenses is bad, since it is based on a false claim that the contract provided that the right transferred to the defendant was to use a formula. There being no such thing in the contract the defense fails. The counterclaim also is based on a similar premise, to wit, that plaintiff agreed and obligated itself to deliver to the defendant a formula and to conduct and co-operate with defendant in experimental and research work. Since there was no such obligation in the contract the counterclaim should fail.

The affidavit under rule 113 setting forth the proof of the allegations in the complaint makes out a case fully, and defendant's affidavits are insufficient rebuttal thereof and do not show any facts upon which defendant ought to be allowed to defend. Neither do the affidavits of defendant deny plaintiff's statement that there was no mutual mistake between the parties in making the contract nor does defendant deny plaintiff's averment that plaintiff never represented, nor was it mutually understood or believed, that plaintiff was transferring a formula to defendant or any right other than an exclusive license under the contract. Nothing in the affidavits add anything to the denials or defenses pleaded in the answer and they afford no triable issues.

The orders should, therefore, be reversed, with ten dollars costs and disbursements, and the motions granted, with ten dollars costs.

DOWLING, P. J., FINCH, MARTIN and PROSKAUER, JJ., concur.

In each case: Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.